**In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.**

**Petition of LEASE FINANCING CORP.**

**No. 70–347.**

United States District Court,
E. D. Pennsylvania.
June 8, 1972.

Marvin Comisky, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for Trustees of the Debtor.

Joseph W. Swain, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for Budd Co.

William J. Taylor, Morgan, Lewis & Bockius, Philadelphia, Pa., for Lease Financing.

## MEMORANDUM AND ORDER NO. 771

FULLAM, District Judge.

Lease Financing Corporation ("LFC") has petitioned this Court for leave to join the Debtor as an additional defendant in an action now pending in the Court of Common Pleas of Montgomery County (Civil Action—Law No. 70–08104, In Assumpsit) between it and plaintiff, the Budd Company ("Budd").

On May 1, 1966, the Debtor's predecessor, the Pennsylvania Railroad Company, entered into a purchase agreement with Budd for 50 self-powered passenger cars (later to become known as "Metroliners"). Eighteen months later, the Debtor entered into financing agreements with LFC and certain other parties. In essence, these agreements provided that LFC and the other parties would purchase the cars and then lease them to the Debtor. Pursuant to the financing agreements, the Debtor assigned its interest in the purchase agreement to LFC. A separate consent agreement provided that Budd agreed to the assignment but did not relieve the Debtor of its obligations under the original contract.

Under the financing agreements, to which Budd was not a party, the last 20% of the price called for in the purchase agreement was not required to be paid until the Debtor issued a "Second Certificate of Acceptance" which has never been issued. Budd's position is that, under certain other agreements between it, the Debtor, LFC and the other parties to the financing agreements, the certificate should have been issued and that LFC and the Debtor are severally liable to it for the balance of the price. Budd has filed a proof of claim in the reorganization proceedings for the balance of the price and on June 29, 1970, it filed the state court action against LFC which is involved in this proceeding.

On August 25, 1971, LFC petitioned this Court (Document No. 1750) to modify Order No. 1 in these proceedings to permit the Debtor to be joined as an additional defendant in Budd's state court action. LFC asserted that the Debtor was the real party in interest and should be joined because under the agreements between LFC and the Debtor (which

had been affirmed pursuant to Order No. 36), the Debtor was obligated to indemnify it for any amounts it might become obligated to pay Budd, and because the Debtor had substantial counterclaims which it could assert against Budd.

Inasmuch as the parties periodically advised the Court that settlement negotiations were taking place, no hearing was held on the petition until February 14, 1972. On that date, the Debtor's Trustees petitioned for an order directing LFC and Budd to show cause why the state court action should not be enjoined (Document No. 2633) and moved to dismiss or stay LFC's petition pending decision on their petition (Document No. 2635). The entire matter was argued and briefed, but decision of the petitions and motion was again deferred when the parties informally advised the Court that the matter was moving rapidly toward settlement.

In April 1972, LFC sought to move the state court action forward by attempting to join the Debtor's Trustees as additional defendants. The Trustees then sought a further stay of that action pending further settlement negotiations and this Court's decision of the matters heard on February 14. In Opinion and Order No. 641, 341 F.Supp. 843, a 60-day stay was granted.

On May 31, 1972, when this most recent stay was about to expire, the Debtor's Trustees moved for a further stay and on June 5, 1972, a hearing was held on that motion. At the hearing, the Court was advised that the chances of settlement in the reasonably near future now appear minimal. Accordingly, it is now necessary to decide the merits.

To recapitulate, the issues are (1) whether this Court can and should enjoin Budd from proceeding further with its state court action against LFC; (2) whether this Court should permit LFC to join the Debtor as an additional defendant in the state court action; and (3) whether this Court should permit LFC to join the Trustees as defendants in the state court action.

Budd contends that this Court has no jurisdiction to interfere with its state court suit against LFC. The Trustees argue that there is such jurisdiction, and that Budd's suit against LFC is merely an attempt to convert its unsecured prebankruptcy claim against the Debtor into an administration claim against the Trustees, through the vehicle of LFC's indemnification claim under the affirmed financing agreements. LFC argues that the Debtor is an indispensable party to the state court action, and that, unless joinder of the Debtor is permitted in that suit, LFC might be deprived of the benefit of the Debtor's substantial counterclaims against Budd. LFC further contends that this Court's permission is not a prerequisite to the joinder of the Trustees in the state action, by reason of 28 U.S.C. § 959(a). And finally, the Trustees contend that, in view of the magnitude of the claims asserted, the potential impact upon the reorganization, and the undoubted jurisdiction of this Court to dispose of all issues as between Budd and the Debtor, the case falls within the peculiar competence of the reorganization court, and should be disposed of here.

After carefully considering all of these arguments, I have concluded that, in the interests of efficient judicial administration, all of the actions should be permitted to proceed in the state tribunal. It is undoubtedly desirable to have the merits of all of the contractual claims decided in a single lawsuit. It is clear that this can be done, if this Court grants permission to proceed in the state court. There is some uncertainty as to the jurisdiction of this Court to interfere as between Budd and LFC. It is not necessary to resolve this uncertainty now; and, depending upon the outcome of the state suit, it may never become necessary to resolve it. Moreover, any attempt to obtain authoritative resolution of this jurisdictional issue would be likely to result in undesirable delays.

The merits of the contractual dispute are clearly severable from the reorganization proceeding itself. So long as this

Court retains jurisdiction to decide at a later stage, if necessary, all issues concerning the implementation of any relief which may be granted in the state court action, I see no strong objection to permitting the state court action to proceed to final judgment.

Accordingly, an order will be entered granting LFC leave to join the Debtor and its Trustees in the state court action, and denying the Trustees' application for stay, but reserving to this Court jurisdiction to decide, if necessary, at a later date, all issues concerning implementation of any relief granted in that action against LFC, the Debtor, or the Trustees.